# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 3 C 246 | DATE | 3/3/2004 |
| CASE TITLE | A.M. vs. Chicago Police et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we award plaintiff's counsel an amount of $62,550.00 in attorneys' fees [19-1] and $388.62 in costs.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 0 4 2004 | |
| | Notified counsel by telephone. | date docketed | 30 |
| ✓ | Docketing to mail notices. | JXM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 0246 |
| | ) |
| Chicago Police Detectives James | ) Wayne R. Andersen |
| Cassidy, Star No. 20207; Edward | ) District Judge |
| Schmidt, Star No. 20253; Edward | ) |
| Winstead, Star No. 20119; James | ) |
| Redmond, Star No. 20248; Youth | ) |
| Officer L. Corey, Star No. 11442; and | ) |
| the City of Chicago, | ) |
| | ) |
| Defendants. | ) |

DOCKETED
MAR 04 2004

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on plaintiff's motion for attorneys' fees and costs. For the following reasons, we award $62,550.00 in attorneys' fees to plaintiff's counsel and $388.62 in costs.

In this case, plaintiff A.M. alleged claims under 42 U.S.C. § 1983 for false arrest, false imprisonment and wrongful conviction by the police detective defendants and that these alleged constitutional violations were accomplished pursuant to interrelated policies, practices and customs of the defendant City of Chicago. On September 16, 2003, plaintiff accepted the City of Chicago and the individual defendants' Federal Rule of Civil Procedure 68 Offer of Judgment in the amount of $55,000.00 plus reasonable attorneys' fees and costs. Plaintiff now seeks an award of $98,961.50 in attorneys' fees for plaintiff's counsel -- attorneys Flint Taylor, Jan Susler and Janine Hoft -- and $388.62 in costs.

30

Defendants acknowledge that plaintiff is entitled to recover his reasonable attorneys' fees and costs as the Rule 68 Offer of Judgment specifically provides for the recovery of reasonable fees and costs. The defendants do not dispute the amount of the costs. However, defendants do dispute the amount of attorneys' fees requested by plaintiff's counsel, arguing that an award of $98,961.50 is excessive, duplicative and unnecessary. Alternatively, defendants suggest that an award of $30,000.00 in attorneys' fees is appropriate.

A plaintiff who has accepted an offer of judgment presented by a defendant can, in certain circumstances, recoup his fees if that plaintiff is a prevailing party and his recovery is not insubstantial. *Fletcher v. City of Fort Wayne*, 162 F.3d 975, 977 (7th Cir. 1998). As there is no dispute among the parties that plaintiff is entitled to recover reasonable attorneys' fees and costs, it is the responsibility of this Court to determine the amount of reasonable attorneys' fees. The parties have waived their right of have an evidentiary hearing on this matter and have rested on their pleadings submitted to the Court.

Plaintiff seeks to recover attorneys' fees in the amount of $98,961.50. Defendants have the following objections: (1) plaintiff's counsel claim an excessively high hourly rate; and (2) some of the work billed is duplicative and unnecessary. In general, the amount of a reasonable attorney's fee is calculated by multiplying the number of hours reasonably expended by the attorney's hourly rate (the "lodestar" method). *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining whether fees are recoverable, the question is simply "whether [the attorney's] actions were reasonable." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996).

Fees are calculated based upon market rates for the services rendered. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Small v. Richard Wolf Medical Instruments, Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). The market rate for an attorney's services is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Small*, 264 F.3d at 707. Once a fee applicant comes forward with evidence establishing his or her rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded. *Id.* at 894. The defendant must present evidence establishing "a good reason why a lower rate is essential." *People Who Care*, 90 F.3d at 1313.

The Court's initial step is to determine the "lodestar" amount by determining the hours reasonably expended multiplied by a reasonable rate. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This Court has reviewed and scrutinized all time records submitted by plaintiff's counsel. After throughly reviewing these records and comparing the work performed and hours billed by each attorney, we have concluded that there was excessive and/or duplicative billing for certain tasks, and we have reduced plaintiff's counsel's total hours by 50.25 hours. Thus, we find that attorney Taylor is entitled to be compensated for 70.35 hours of time, attorney Susler 84.85 hours and attorney Hoft 53.30 hours for a total of 208.50 hours. This Court believes that 208.50 hours is more than reasonable and sufficient to compensate attorneys Taylor, Susler and Hoft for their efforts, particularly in light of the relatively prompt resolution of this matter and the amount for which the underlying suit was settled.

Plaintiff's counsel is seeking to be compensated at an hourly rate of $450 for Taylor, $400 for Susler and $350 for Hoft, claiming that these rates are their current billing rates. In this case, we find that an hourly rate of $300 is reasonable for the services of plaintiff's counsel. We

find this rate to be a reasonable rate for Chicago attorneys handling this type of litigation and comparable to the hourly rates previously awarded by this Court in civil rights cases. Moreover, there were no contested hearings in this matter and the underlying legal theories did not need to be litigated. The time expended on this case is more akin to preparation rather than litigation. Finally, a rate of $300 is more comparable to, and still greater than, the hourly rate charged by the lawyers who handled the defense in this case. For these reasons, we will base counsel's fee award on an hourly rate of $300.

After our extensive review of the pleadings and affidavits submitted by the parties and in consideration of the attorneys' hourly rates, the amount for which the underlying lawsuit was settled and the minimal amount of time that was expended in the underlying suit, we have determined that of total fee of $62,550.00 (208.50 hours multiplied by $300) for attorneys Taylor, Susler and Hoft is reasonable, plus costs in the amount of $388.62.

For the foregoing reasons, we award plaintiff's counsel an amount of $62,550.00 for attorneys' fees and $388.62 in costs.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 3, 2004